UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: NBTY, INC., GINKGO BILOBA MARKETING
AND SALES PRACTICES LITIGATION                                       MDL No. 2608


ORDER DENYING TRANSFER


Before the Panel: Defendants NBTY, Inc.; Natures Bounty, Inc.; Rexall Sundown, Inc.; and Costco Wholesale Corp. move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Southern District of California.[1] Plaintiff in the Northern District of California action supports defendants' motion. This litigation consists of three actions pending in the Southern District of California and the Northern District of California, as listed on Schedule A.

On the basis of the papers filed and the hearing session held, we conclude that centralization of this litigation is not necessary to serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. These actions share common factual questions regarding defendants' statements about the efficacy of Gingko Biloba. Specifically, plaintiffs challenge defendants' statements on the labels of Sundown, TrueNature and Nature's Bounty supplements that the products support "healthy brain function" and circulation and help "support memory, especially occasional mild memory problems associated with aging." Given the small number of cases in this litigation and the parties' willingness to pursue Section 1404 transfer, we are not convinced that these common issues alone are sufficient to warrant the creation of an MDL.

This litigation involves only three actions in two districts. Where only a minimal number of actions are involved, the proponent of centralization bears a heavier burden to demonstrate that centralization is appropriate. *See In re: Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010). Moving defendants have failed to meet that burden here. There are effectively only two actions, given that the Southern District California actions are brought by the same plaintiff and the same counsel, and the actions are related before a single judge.

Transfer *via* Section 1404(a) often stands as a viable alternative to centralization. Transfer under Section 1404 is particularly appropriate here, where the litigation is in its infancy and all

---

[1] Defendants' motion originally included an action filed in the Central District of California (*Wilson*) that was dismissed on January 21, 2015; plaintiff in *Wilson* joined the amended complaint in the Southern District of California *Petkevicius II* action. Upon dismissal of *Wilson*, defendants amended their motion to add the Northern District of California *Korolshteyn* action and thus retain the litigation's multidistrict character.

-2-

parties are willing to litigate in the Southern District of California.[2]  In the three months that this motion has been pending, there have been no potential tag-along actions filed, and plaintiff in the outlying Northern District of California action has responded in support of centralization in the Southern District of California.  At oral argument, the parties expressed their willingness to consent to Section 1404 transfer to the Southern District of California.  In these circumstances, centralization is unnecessary.

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

---

[2] *See In re: Gerber Probiotic Prods. Mktg. & Sales Practices Litig.*, 899 F. Supp. 2d 1378, 1379 (J.P.M.L. 2012) ("The Panel has often stated that centralization under Section 1407 'should be the last solution after considered review of all other options.'") (quoting *In re: Best Buy Co., Inc., California Song-Beverly Credit Card Act Litig.*, 804 F. Supp. 2d 1376, 1378 (J.P.M.L.2011)).

**IN RE: NBTY, INC., GINKGO BILOBA MARKETING
AND SALES PRACTICES LITIGATION**                      MDL No. 2608

## SCHEDULE A

<u>Northern District of California</u>

KOROLSHTEYN v. COSTCO WHOLESALE CORP., C.A. No. 3:14-05447

<u>Southern District of California</u>

PETKEVICIUS v. REXALL SUNDOWN, INC., ET AL., C.A. No. 3:14-02482
PETKEVICIUS v. NBTY, INC., ET AL., C.A. No. 3:14-02616